IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK A. BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-07-226-C |
| ) | |
| UNITED PARCEL SERVICES, INC., ) | |
| doing business as United Parcel Services, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff has filed the present lawsuit alleging violations of the Americans with Disabilities Act against his former employer. Defendant has filed a motion to dismiss for insufficient service of process (Def.'s Mot., Dkt. No. 12), and Plaintiff has responded (Pl.'s Resp., Dkt. No. 15). Defendant has filed a reply (Def.'s Reply, Dkt. No. 18), and this matter is now at issue.

Defendant moves to dismiss Plaintiff's action, challenging the service of process pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5).[1] Plaintiff originally filed his complaint against Defendant "United Parcel Services" on February 22, 2007. (See Dkt. No. 1.) Plaintiff filed a praecipe for summons to be served at the first address listed for a registered agent of "United Parcel Services, Inc.," on the Oklahoma Secretary of State website. (See Pl.'s Resp.

---

[1] Although Defendant also cites Fed. R. Civ. P. 12(b)(4) as grounds for dismissal, Rule 12(b)(4) concerns the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5) is a more apt basis for Defendant's motion as it challenges the sufficiency of the service of process, i.e., the mode of delivery or the lack of delivery of the summons and complaint. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

at 1 & Exs. 1-2.) Plaintiff asserts that it served process at this address on or around March 1, 2007, only for the documents to be returned to Plaintiff with a letter dated March 2, 2007, stating that the company at that address was not a registered agent for "United Parcel Service." (See Pl.'s Resp. Ex. 3.)

Under Fed. R. Civ. P. 4(m), the summons and complaint must be served within 120 days after the complaint is filed. Thus, process for Plaintiff's original complaint was due to be served upon Defendant by June 22, 2007. Plaintiff claims that after receiving the March 2, 2007, letter, he believed that the name of Defendant was incorrect in the original complaint, and so Plaintiff filed an amended complaint against "United Parcel Services, Inc., doing business as United Parcel Services."[2] (See Am. Compl., Dkt. No. 7.) This amended complaint, however, was not filed with the Court until June 22, 2007. (See id.) Defendant was then timely served with process of the amended complaint on July 9, 2007, at the second-listed address for an agent of "United Parcel Services, Inc." on the Oklahoma Secretary of State website. (See Dkt. No. 8; Pl.'s Resp. Ex. 2.)

Defendant argues that Plaintiff's case should be dismissed because Plaintiff failed to serve Defendant with the original complaint within 120 days of its filing on February 22, 2007. Defendant cites Bolden v. City of Topeka, Kan., for the proposition that Rule 4(m)'s 120-day time limit for service is not restarted by the filing of an amended complaint except as to newly added defendants. 441 F.3d 1129, 1148 (10th Cir. 2006). Rule 4(m)'s time limit

---

[2] Defendant asserts that the captions of both Plaintiff's original and amended complaint are incorrect, as its correct name is "United Parcel Service, Inc." (See Def.'s Mot. at 1 n.1.)

means that service must be made within 120 days of the "filing of the first version of the complaint naming the particular defendant to be served." Id. at 1149. Thus, because Plaintiff did not add a new defendant but merely corrected a misnomer with the amended complaint, Defendant claims it was entitled to receive service of process for the original complaint no later than June 22, 2007.

Plaintiff presents two arguments as to why his case should not be dismissed. First, Plaintiff asserts that because the amended complaint contains a different name for the entity being sued and served, the 120-day deadline should have started anew on June 22, 2007. This argument cannot pass muster, as there is no real contention that the "United Parcel Services, Inc., doing business as United Parcel Services" of the amended complaint is a different entity than the "United Parcel Services" of the original complaint; the complaints are otherwise identical. There is no "new defendant" requiring separate service of process. Cf. Bolden, 441 F.3d at 1148-49 (referring to the necessity only of serving "a new party" and "defendants newly added" when an amended complaint is filed).

Second, Plaintiff asserts that under the circumstances of this case, the Court should not dismiss his claims under Rule 4(m), but retroactively extend the time for service, as Plaintiff has demonstrated "good cause" for his failure to timely serve. The Rule provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Defendant argues that Plaintiff's mere failure to enact service following his original error does not constitute "good cause" and cites cases in support. See, e.g., In re Kirkland, 86 F.3d 172, 175-76 (10th Cir. 1996) (noting that inadvertence, negligence, mistake of counsel, ignorance of the rules, unexplained assertions of miscalculation, and absence of prejudice to defendant do not suffice for "good cause"); Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438-39 (10th Cir. 1994). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with [Rule 4(m)]." In re Kirkland, 86 F.3d at 176. The Court agrees that Plaintiff has not demonstrated "good cause" as defined by Tenth Circuit case law for his failure to timely serve Defendant. As the Tenth Circuit has explained, however, a lack of good cause does not mean that Plaintiff's claims must be dismissed, because the Court has broad discretion under the current version of Rule 4(m) to grant a permissible extension of time for service even without that criterion being met. Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995); see also Fed. R. Civ. P. 4(m) advisory committee's note (1993) (noting that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"). Ideally, Plaintiff would have filed a motion for an extension of time for service rather than attempting to use an amended complaint to avoid dismissal of his action. Upon consideration of all of the circumstances, however, the Court agrees with Plaintiff that an extension is justified and his claims against Defendant should not be dismissed.

First, as explained above, Plaintiff did reasonably and fully attempt service of the original complaint upon Defendant. Plaintiff's mistake regarding the proper registered agent for Defendant is understandable in light of the multiple addresses provided by the Oklahoma Secretary of State's website. (See Pl.'s Resp. Ex. 2.) Second, while the Court agrees with Defendant that Plaintiff could have shown greater diligence after being informed of the erroneous address, Defendant has not shown that it suffered any prejudice by being served on July 9, 2007, rather than the original deadline of June 22, 2007. Finally, Plaintiff argues that if his case is dismissed, he will lose the ability to re-file his claim against Defendant because he was required to file within ninety days of receipt of his right-to-sue letter, which was dated January 9, 2007. (See Am. Compl. ¶ 29 & Ex. 5.) The Tenth Circuit has noted that whether a statute of limitations would bar the refiled action is a factor that should be considered by the Court under Rule 4(m). See Espinoza, 52 F.3d at 842 (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Thus, in light of the various considerations and the lack of prejudice to Defendant, a permissive extension of time is warranted, and Plaintiff's case shall be allowed to proceed.

## CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss (Dkt. No. 12) is DENIED.

IT IS SO ORDERED this 26th day of November, 2007.

ROBIN J. CAUTHRON
United States District Judge